Raymond Nardo, Esq.
129 Third Street
Mineola, NY 11501
raymondnardo@gmail.com
(516) 248-2121
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEVEN RIVERA

                        Plaintiff,                    **COMPLAINT**

   -against-

SA MIDTOWN LLC, d/b/a CASA LEVER, 1000
MADISON L.L.C. d/b/a SANT AMBROEUS,
GHERARDO GUARDUCCI, as an individual, and
DIMITRI PAULI, as an individual

                        Defendants.
-------------------------------------------------------------------X

Plaintiff STEVEN RIVERA, by his attorney, Raymond Nardo, Esq. complaining of defendants SA MIDTOWN LLC, d/b/a CASA LEVER, 1000 MADISON L.L.C. d/b/a SANT AMBROEUS, GHERARDO GUARDUCCI, as an individual, and DIMITRI PAULI, as an individual (collectively referred to herein as "defendants"), alleges:

### NATURE OF THE ACTION

1. This action arises out of defendants' failure to pay overtime pay and other monies as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

2. Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions,

1

compensation for unpaid overtime, liquidated damages, violations of the Wage Theft Prevention Act, pre-judgment and post-judgment interest, counsel fees, and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 as defendant SA MIDTOWN LLC, d/b/a CASA LEVER is located at 390 Park Avenue, New York, NY 10022., and defendant 1000 MADISON L.L.C. d/b/a SANT AMBROEUS is located at 1000 Madison Avenue, New York, NY 10021, both of which are in the Southern District of New York, and the causes of action arose in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff STEVEN RIVERA resides in Yonkers, New York, which is located in the Southern District of New York. Plaintiff worked for defendants from March 2010 through the date of filing as Chef and cook.

6. In his capacity as Chef, plaintiff's primary duties were to prepare and cook meals for the restaurant's clientele. Plaintiff was also in charge of special menus, organizing work schedules for approximately ten kitchen employees, ordering food and dry goods.

7. Although plaintiff, as Chef, had the ability to hire and fire, and to assign work, and supervise up to ten employees, his primary duties were non-exempt duties, as set forth above.

8. In his capacity as a cook, plaintiff cooked for the restaurant and, at all times, was under the supervision of the Chef, and performed non-exempt work.

**Defendants**

9. Defendant SA MIDTOWN LLC, d/b/a CASA LEVER is a domestic limited liability company located in the Southern District of New York.

10. Defendant SA MIDTOWN LLC, d/b/a CASA LEVER is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant SA MIDTOWN LLC, d/b/a CASA LEVER has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as automobile parts, and (2) an annual gross volume of sales in excess of $500,000.00.

11. Defendant 1000 MADISON L.L.C. d/b/a SANT AMBROEUS is a domestic limited liability company located in the Southern District of New York.

12. Defendant 1000 MADISON L.L.C. d/b/a SANT AMBROEUS is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant 1000 MADISON L.L.C. d/b/a SANT AMBROEUS has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as automobile parts, and (2) an annual gross volume of sales in excess of $500,000.00.

3

13. Defendant GHERARDO GUARDUCCI is sued individually in his capacity as an owner, officer and/or agent of SA MIDTOWN LLC, d/b/a CASA LEVER because he has authority to exercise sufficient control over SA MIDTOWN LLC, d/b/a CASA LEVER's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, set wages, and establish and exercise authority regarding the pay practices at SA MIDTOWN LLC, d/b/a CASA LEVER, and he maintained payroll records.

14. Defendant DMITRI PAULI is sued individually in his capacity as an owner, officer and/or agent of SA MIDTOWN LLC, d/b/a CASA LEVER because he has authority to exercise sufficient control over SA MIDTOWN LLC, d/b/a CASA LEVER's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, set wages, and establish and exercise authority regarding the pay practices at SA MIDTOWN LLC, d/b/a CASA LEVER and he maintained payroll records.

15. Defendant GHERARDO GUARDUCCI is sued individually in his capacity as an owner, officer and/or agent of 1000 MADISON L.L.C. d/b/a SANT AMBROEUS because he has authority to exercise sufficient control over 1000 MADISON L.L.C. d/b/a SANT AMBROEUS' operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, set wages, and establish and exercise authority regarding the pay practices at 1000 MADISON L.L.C. d/b/a SANT AMBROEUS and he maintained payroll records.

16. Defendant DMITRI PAULI is sued individually in his capacity as an owner, officer and/or agent of 1000 MADISON L.L.C. d/b/a SANT AMBROEUS because he has

authority to exercise sufficient control over 1000 MADISON L.L.C. d/b/a SANT AMBROEUS's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, set wages, and establish and exercise authority regarding the pay practices at 1000 MADISON L.L.C. d/b/a SANT AMBROEUS and he maintained payroll records.

17.     The business activities of Defendants are related and performed through unified operation or common control for a common business purpose and thereby constitute an enterprise within the meaning of the FLSA, thus rendering the defendants as a unified "enterprise" under the FLSA.

### DEFENDANTS' FAILURE TO PAY OVERTIME FOR ALL WEEKLY HOURS WORKED OVER FORTY

18.     The FLSA and NYLL require that employers pay employees one and one half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

19.     Plaintiff worked as a Chef at 1000 MADISON L.L.C. d/b/a SANT AMBROEUS from at least February 2010 to March 2011.

20.     During the above time period, plaintiff was a non-exempt employee under the FLSA and NYLL.

21.     During the above time period, plaintiff regularly worked over forty hours per week, usually 60 hours per week, or more, but did not receive overtime pay.

22.     Instead, during this time period, plaintiff was paid a flat salary of $1,140 per week (based on daily pay of $190 per day), despite the fact that his hours varied based upon the demands of the restaurant's clientele.

5

23. Plaintiff worked as a line cook at SA MIDTOWN LLC, d/b/a CASA LEVER from at least March 2011 through the date of filing of this complaint.

24. During the above time period, plaintiff performed the duties of preparing the hot line for service as well as cleaning fish and meat, cooking vegetables, making soup, sauces and bread, and making a count of items available for service. He also had to ensure that certain hot and cold food went out at the same time. During this time, plaintiff was under the supervision of the Chef, could not hire or fire, or supervise, and was a non-exempt employee under the FLSA and NYLL.

25. From March 2012 through approximately August 31, 2015, plaintiff regularly worked over forty hours per week, usually 53 hours per week, or more, but did not receive overtime pay.

26. Instead, plaintiff was paid a flat salary of $1,140 per week (based on daily pay of $190 per day), despite the fact that his hours varied based upon the demands of the restaurant's clientele.

27. From approximately September 1, 2015 through present, plaintiff worked approximately 50 hours per week, but did not receive overtime pay.

28. Instead, during the above time period, plaintiff was paid a flat salary of $950 per week (based on daily pay of $190 per day), despite the fact that his hours varied based upon the demands of the restaurant's clientele.

**DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT**

29. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire.

30. Plaintiff was never given a notice, either at the time of hire or thereafter, as required by § 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

31. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

32. Plaintiff repeats and realleges each paragraph above, as though fully set forth herein.

33. Defendants are "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and therefore employed plaintiff.

34. Defendants were required to pay plaintiff no less than one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

35. Defendants failed to pay plaintiff the overtime wages to which he was entitled under the FLSA.

36. Defendants wilfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages in accord with a policy, custom, and/or practice of Defendants.

37. Due to defendants' violations of the FLSA, plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

38. Plaintiff repeats and realleges each paragraph above as though fully set forth herein.

39. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed plaintiff.

40. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one-half (1 ½) the regular rate of pay for all hours she worked in excess of forty.

41. Defendants failed to pay plaintiff the overtime wages to which they were entitled under the NYLL.

42. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff's overtime wages.

43. Due to defendants' wilful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

44. Plaintiff repeats and realleges each of the above paragraphs as if fully set forth herein.

45. Defendants violated NYLL § 195(1) by failing to furnish plaintiff, at the time of hiring and before February 1st of each subsequent year, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

46. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b), or $50.00 per day, for

each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

47. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

48. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500, and damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

49. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court enter a judgment:

    a.    declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

    b.    declaring that defendants' violations of the FLSA and the NYLL were wilful;

    c.        enjoining future violations of the FLSA and the NYLL;

    d.        awarding plaintiff damages for unpaid overtime wages;

    e.        awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

    f.        awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL

    g.        awarding plaintiff pre-judgment interest and post-judgment under the FLSA and the NYLL;

    h.        awarding plaintiff reasonable attorneys fees' and costs and disbursements, pursuant the FLSA and the NYLL; and

    i.        awarding such other and further relief as the Court deems just and proper.

Dated:  Mineola, NY
           March 18, 2016

                                      Raymond Nardo, Esq.
                                      Raymond Nardo, P.C.
                                      129 Third Street
                                      Mineola, NY 11501
                                      raymondnardo@gmail.com
                                      (516) 248-2121
                                      *Attorney for Plaintiff*