UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
STEVEN RIVERA,                                              :
                                                            :   16 Civ. 2097 (PAE)
                                    Plaintiff,              :
                                                            :   OPINION & ORDER
            -v-                                             :
                                                            :
SA MIDTOWN LLC, d/b/a CASA LEVER, 1000                      :
MADISON L.L.C. d/b/a SANT AMBROEUS,                         :
GERARDO GUARDUCCI, as an individual, and                    :
DIMITRI PAULI, as an individual,                            :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On December 9, 2016, the parties to this Fair Labor Standards Act ("FLSA") action applied for approval of a proposed settlement agreement. They filed the proposed settlement agreement, Dkt. 28, Ex. 1 ("Agreement"); a joint motion seeking approval and dismissal of plaintiff Steven Rivera's claims with prejudice, Dkt. 28 ("Motion"); a declaration in support of plaintiff's fee application, Dkt. 30; and a stipulation of dismissal with prejudice signed by plaintiff's counsel and defense counsel, Dkt. 28 at 21. Under the Settlement Agreement, Rivera would receive $45,000; his attorney would receive $15,000; and the parties would agree to a general release of claims against each other. Agreement ¶ 1.

Much of the Agreement is legally satisfactory, and the Court would be prepared to approve the overall settlement sum as substantively reasonable and achieved through procedurally fair means. However, the Court declines to approve the Agreement in its present form because it contains an overbroad general release.

The relevant provision, entitled "Release of All Claims by Plaintiff," requires Rivera to waive basically any claim of any kind he might ever have had against defendant as of the date of the settlement agreement. *Id.* ¶ 2. In FLSA cases, courts in this District routinely reject release provisions that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); *see also Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3–4 (S.D.N.Y. April 27, 2015) (provision releasing defendants "from any and all charges, complaints, claims, and liabilities of any kind whatsoever" was "not 'fair and reasonable' because it encompasse[d] far too broad a range of possible claims").

Overbroad releases "highlight[] the potential for abuse in [FLSA] settlements, and underscore[] why judicial approval in the FLSA setting is necessary." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). "In the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014).

The release provision here is similarly overly broad, requiring Rivera to "release and forever discharge Defendants . . . from any and all claims, known and unknown, asserted or unasserted, which [Rivera] may have . . . as of the date of execution of this Agreement." Agreement ¶ 2. The Agreement then recites a lengthy, expressly nonexclusive list of statutes and claims from which Rivera is releasing defendants, including under the Employee Retirement Income Safety Act of 1974 ("ERISA"), the Civil Rights Acts of 1964, and the Immigration Reform and Control Act, among others. *Id.* Also released are claims regarding any alleged

violation of "[a]ny other federal, state or local compensation-related, civil, human rights, bias, whistleblower, discrimination, retaliation, compensation, manufacturing, employment, wage, labor or other local, state or federal law, regulation or ordinance such that no claim of any kind shall survive or not be settled or waived by this agreement." *Id.* Such a release is "too sweeping to be 'fair and reasonable' and so must be rejected." *Lazaro-Garcia v. Sengupta Food Servs.*, 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (internal quotation marks and citation omitted). Consistent with the case authority in this area, "[t]he Court will not approve a release provision that extends beyond the claims at issue in this action." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (citing *Lazaro–Garcia*, 2015 WL 9162701, at *2).

To be sure, defendants agree to "release and forever discharge [Rivera] . . . from any and all claims, known and unknown, asserted or unasserted, which Defendants have or may have against [Rivera] with regard to employment related claims as of the date of the execution of this Agreement." Agreement ¶ 2. Rivera's release of defendants is, thus, to a limited extent, mutual. However, for two independent reasons, the existence of a release of Rivera does not salvage the Agreement.

First, the Agreement is not wholly symmetrical: Defendants enjoy a broader release than does Rivera. Thus, the release would fail to satisfy even those courts that have approved settlement agreements with fully mutual general releases. *See Souza v. 65 St. Marks Bistro*, 15 Civ. 327 (JLC), 2015 WL 7271747, at *5–7 (S.D.N.Y. Nov. 6, 2015) (rejecting a general release provision unless the parties amended it to make it mutual "in all respects," so as to enable the parties to "walk[] away from their relationship . . . without the potential for any further disputes" and requiring an acknowledgement from plaintiffs regarding any other claims they would be

3

releasing in the settlement); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (permitting a settlement agreement with a mutual general release provision, for the same reasons as in *Souza*); *Cionca v. Interactive Realty, LLC*, 15 Civ. 5123 (BCM), 2016 WL 3440554, at *3–4 (S.D.N.Y. June 10, 2016) (same).

Second, as this Court has previously explained, it is not prepared to accept even a fully mutual broad general release by an FLSA plaintiff as part of a settlement agreement, "absent a sound explanation for how this broad release benefits the plaintiff employee." *Gurung v. White Way Threading LLC*, No. 16 Civ. 1795 (PAE), 2016 WL 7177510, at *2 (S.D.N.Y. Dec. 8, 2016). The Court finds persuasive Judge Nathan's decision in *Flores-Mendieta v. Bitefood Ltd.*, rejecting a mutual general release because "the Court cannot 'countenance employers using FLSA settlements to erase all liability whatsoever in exchange for . . . payment of wages allegedly required by statute.'" No. 15 Civ. 4997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. April, 21, 2016) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181). The Court's reason for hesitating to approve such an unexplained broad release is this: Although a mutual general release may be reciprocal as a matter of form, as a matter of practical reality, its effect may be to confer a benefit disproportionately on the employer defendant, who in practice is less likely than the employee plaintiff to have claims to bring against its adversary. *See Gurung*, 2016 WL 7177510, at *2.

The Agreement here appears to present that risk. It does not identify any particular claim that defendants might have against Rivera, or any other benefit to Rivera from forgoing all potential claims against defendants. The mutual release thus "appears an empty gesture—the equivalent of giving away ice in the winter—such that the release, while mutual in form, appears one-sided as a matter of economic substance." *Id.* Without either a "narrower release consistent

with the standards above" or a "concrete and persuasive explanation of the practical benefit [Rivera] stands to realize in exchange for broadly releasing all claims against" defendants, the Court cannot approve this settlement agreement. *Id.*

## CONCLUSION

Accordingly, for the foregoing reasons, the Court declines to approve the Agreement at this time. The parties may proceed in one of the following three ways.

(1) The parties may file a revised agreement by April 28, 2017, that does not include a general release provision that extends beyond the claims at issue in this action. If the parties file a revised agreement, the Court will, at that time, assess the fairness and reasonableness of the proposed settlement.

(2) The parties may file a joint letter by April 28, 2017, that indicates their intention to abandon settlement and to continue to litigate this matter. If they do so, the Court will set a next conference in this matter, which will serve as a pre-motion conference for potential motions for summary judgment.

(3) The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not require court approval. *See Cheeks*, 796 F. 3d at 201 n.2 (leaving for another day the question of whether parties may settle such cases and dismiss without prejudice without approval of the district court or the Department of Labor).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 11, 2017
New York, New York

5